**FILED**

**MAR 29 2016**

DAVID CREWS, CLERK
By_____
    Deputy

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                         CRIMINAL NO. 1:15-cr-00098-SA-DAS

JAELYN DELSHAUN YOUNG

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. GUILTY PLEA: The defendant agrees to plead guilty under oath to Count One of the Indictment, which charges that JAELYN DELSHAUN YOUNG, with others known and unknown to the grand jury, knowingly did combine, conspire, confederate, and agree together and with each other to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), including personnel, to a foreign terrorist organization, namely, the Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIL was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIL engages and has engaged in terrorist activity (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), all in violation of Title 18, United States Code, Section 2339B(a)(1), which carries maximum possible penalties of 20 years imprisonment, up to lifetime supervised release, a $250,000 fine, and a special assessment of $100.

2.     OTHER CHARGES:  The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge and agrees to dismiss all other counts of the Indictment as to this defendant upon conclusion of sentencing on Count One.

3.     OTHER AUTHORITIES:  This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws.  Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

4.     THE TERRORISM ADJUSTMENT UNDER U.S.S.G. § 3A1.4(a) APPLIES:

The defendant agrees with the application of U.S.S.G. § 3A1.4(a), the terrorism adjustment, which increases her Offense Level by 12 levels and her Criminal History Category to VI.  The government concurs that the terrorism adjustment should apply to this defendant's case.

5.     WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS:  Defendant hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742; except as to claims relating to prosecutorial misconduct and ineffective assistance of counsel.  Defendant also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255; except as to claims relating to prosecutorial misconduct and ineffective assistance of counsel.  Defendant waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

6. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

7. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the 22nd day of March, 2016.

FELICIA C. ADAMS
United States Attorney
Mississippi Bar No. 1049

AGREED AND CONSENTED TO:

JAELYN DELSHAUN YOUNG
Defendant

APPROVED:

DENNIS C. SWEET, III, MSB # 8105
Attorney for Defendant

3